# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PARALLEL NETWORK LICENSING LLC, § § § | |
|    *Plaintiff,* § | |
| § | Civil Action No.  4:21-CV-00714 |
| v. § | Judge Mazzant |
| § | |
| ARROW ELECTRONICS, INC., § | |
| § | |
|    *Defendant.* § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Arrow Electronics, Inc.'s Motion to Dismiss for Improper Venue, or, in the Alternative, Transfer to N.D. Cal (Dkt. #8).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part**.

### BACKGROUND

On September 13, 2021, Plaintiff Parallel Networks Licensing, LLC ("Parallel") filed its complaint against Defendant Arrow Electronics, Inc. ("Arrow") alleging infringement of United States Patents Nos. 5,894,554 and 6,415,335 (collectively, the "Patents") (Dkt. #1).  Parallel alleges that Arrow's use or provision of one or more servers that may load-balance among other servers using A10 Network, Inc.'s ("A10") Lightning ADC, and/or Thunder ADC products (the Accused Instrumentality") infringes one of more of the claims of the Patents (Dkt. #8 at p. 6).

Parallel is a limited liability company organized under Texas law (Dkt. #1).  Arrow is a corporation incorporated in New York with its principal place of business in Centennial, Colorado (Dkt. #1).  Parallel's complaint states that venue is proper in the Eastern District of

Texas under 28 U.S.C. § 1400(b) because "Defendant regularly conducts business through its Texas office at 1820 Preston Park Blvd., Suite 2800, Plano, Texas 75093-3685" (Dkt. #1 ¶ 7).

On January 25, 2022, Arrow filed the present motion, seeking to dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer the case to the Northern District of California under 28 U.S.C. § 1406 (Dkt. #8). On February 8, 2022, Parallel responded, arguing that venue is proper in this District (Dkt. #11). In the alternative, Parallel requests venue-related discovery should the Court determine more facts are necessary to decide the motion (Dkt. #11). On February 16, 2022, Arrow filed its reply (Dkt. #12), and, on February 23, 2022, Parallel filed its sur-reply (Dkt. #13). On May 11, 2022, Arrow filed a notice of additional evidence in support of the present motion (Dkt. #21).

## LEGAL STANDARD

A party may challenge venue by asserting that venue is improper in a responsive pleading or by filing a motion. FED. R. CIV. P. 12(b)(3). It has been held that "as a matter of Federal Circuit law that, upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA), Inc*., 890 F.3d 1008, 1013 (Fed. Cir. 2018). A court may decide whether venue is proper based upon "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V*., 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laport*, 536 F.3d 439, 449 (5th Cir. 2008)). Additionally, when resolving the matter on the pleadings, the Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:13-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco*,570 F.3d at

237–38). If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

Whether venue is proper in this case is governed by 28 U.S.C. § 1400(b), the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Under § 1400(b), a patent infringement case may only be brought in the judicial district where (1) the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1519. As to the second prong, the Federal Circuit has interpreted the "regular and established place of business" inquiry to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any statutory requirement is not satisfied, venue is improper. *Id.* Further, "venue facts are to be examined as of the date the suit is filed." *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 924 (E.D. Tex. 2017).

## ANALYSIS

As noted, under 28 U.S.C. § 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Here, it is undisputed that Arrow does not reside in this District under the first prong of 28 U.S.C. § 1400(b) (*See* Dkt. #11 at p. 7 ("Parallel does not allege that Arrow resides in this

District. Parallel pleads venue under the second prong of 1400(b).")). Venue, therefore, hinges on the second prong—whether Arrow has committed acts of infringement and has a regular and established place of business in the District. *See* 28 U.S.C. § 1400(b).

Parallel argues that the Eastern District of Texas is the appropriate venue because Arrow has committed acts of infringement here and has a regular and established business in the District (Dkt. #11). More specifically, Parallel points to Arrow's continued listing of an office address at 1820 Preston Park Blvd, Plano, Texas, on its website as proof Arrow has a regular and established business in the District (Dkt. #11 at p. 7). Arrow disagrees on both points. The Court first turns to consider whether Arrow has a "regular and established place of business" in the Eastern District of Texas.

I.   **Whether Arrow Has a Regular and Established Place of Business in the Eastern District of Texas**

In order to conclude a defendant has a regular and established place of business in a particular district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360. A plaintiff must prove all three of these requirements to establish proper venue under the second prong of the statute. *Id*. When determining these requirements, the Federal Circuit has emphasized that "each case depends on its own facts" and "no one fact is controlling." *Id*. at 1362, 1366.

Here, the parties' dispute focuses on whether the first *Cray* factor is met—whether Arrow has a "physical place" in the Eastern District of Texas. In support of its contention that Arrow has a "physical place" in the District, Parallel points to Arrow's listing on its website of an office in this District, arguing that this "alone[] suffices to establish the propriety of venue in this District" (Dkt. #13 at p. 6). In response, Arrow argues that it has not held a place of business in

4

the Eastern District of Texas since the lawsuit was filed, contending the office listing on its website was tied to a division of Arrow—Arrow Systems Integration—that it sold in 2018 (Dkt. #8 at p. 9). Parallel refutes this argument, contending that past business activities at this location should not be excluded because "[t]he timing of venue determination is when the cause of action accrued" (Dkt. #11 at pp. 8–9). Consequently, the parties dispute two main issues: 1) the proper timing of the venue determination, and 2) the effect of Arrow's listing of a physical location in the District on its website. The Court turns to resolve the first dispute.

### A. Timing of Venue Determination

Arrow admits that Arrow Systems Integration, a division of Arrow, previously held a place of business at 1820 Preston Park Blvd., Plano, Texas (Dkt. #8 at p. 9). However, according to Arrow, it sold this division on February 16, 2018, and Arrow terminated the lease at this location before suit was filed (Dkt. #8 at p. 9). Thus, Arrow argues venue is not proper in this District because it has maintained no place of business in the District since this lawsuit was filed on September 13, 2021 (Dkt. #12 at p. 2). In response, Parallel argues that "venue is established by Arrow's admission that it was present in this District at a time when the alleged acts of infringement occurred, i.e. which extends back as far as 2015" (Dkt. #13 at p. 6). Thus, boiled down, the parties dispute the timing of the venue determination under § 1400(b)—whether the relevant time period is when the cause of action accrued or instead the time the complaint was filed.

To resolve the parties' dispute, the Court turns to language of § 1400(b). Indeed, the first step in determining the meaning of a statute is to look at the statute's plain language, giving all undefined words their ordinary meaning. *Moskal v. United States*, 498 U.S. 103, 108 (1990). Section 1400(b) states:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b). "Bringing" a civil action refers to the act of filing a complaint. Further, examining the relevant language reveals it is written in the present tense—venue is proper in a district where the defendant *has* a regular and established place of business. *See id*. (emphasis added). Accordingly, that the language is written in the present tense indicates that venue should be analyzed under § 1400(b) based on facts and circumstances that exist on the date suit is "brought" or filed—not when the action accrued. Indeed, "Congress could have used 'has had a regular and established place of business' but chose not to do so." *Personal Audio*, F. Supp. 3d at 930. As such, the Court finds that the date the suit was filed is the relevant date for the venue analysis—here, September 13, 2021.

Further, this conclusion—that venue is determined by the facts and situation as of the date suit is filed—accords with the decisions of other courts in the Fifth Circuit. *See, e.g., Personal Audio,* 280 F. Supp. 3d at 930; *GreatGigz Sols. LLC v. ZipRecruiter, Inc.*, No. W-21-CV-00172, 2022 WL 432558, at *3 (W.D. Tex. Feb. 11, 2022); *Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 612 (N.D. Tex. 2017); *AGIS Software Dev., LLC v. Google LLC*, No. 2:19-CV-00361, 2022 WL 1511757, at *1 (E.D. Tex. May 12, 2022). In particular, the Court finds the district court's analysis in *Personal Audio* to be instructive. 280 F. Supp. at 930. In *Personal Audio*, the court examined the language of § 1400(b) and concluded that because the language was written in the present tense, rather than the past tense, "venue is determined under § 1400(b) by the facts and situation as of the date suit is filed." *Id*. Further, the district court found that its narrow construction of the statute was "supported by a consistent

6

chain of strict interpretations of § 1400(b)" by the Supreme Court. *Id*. at 931 (collecting cases). This Court agrees with the narrow, language-based approach used in *Personal Audio*.

Thus, the Court looks to the facts and circumstances that existed on the date the suit was filed to determine whether Arrow has an established place of business in the Eastern District of Texas. In other words, the Court rejects Parallel's contention that "venue is established by Arrow's admission that it was present in this District at a time when alleged acts of infringement occurred" (*see* Dkt. #13 at p. 6). With this preliminary issue resolved, the Court turns to the crux of the parties' dispute—whether Arrow has maintained a "physical place" in the Eastern District of Texas since the suit was filed.

### B. Whether Arrow Has a Physical Place in the Eastern District of Texas

As noted, under the first *Cray* factor, at the time the suit is filed, "there must be a physical place in the district." *Cray*, 871 F.3d at 1362. While the "place" need not be a formal office or store, "there must still be a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* Here, as noted, Parallel alleges venue is proper in this District because Arrow "has maintained and continues to list, as of the date of this filing, an office address at 1820 Preston Park Blvd, Plano, Texas, on its website" (Dkt. #11 at p. 7). In response, Arrow contends "[t]hat listing was an artifact of Arrow's previous ownership of Arrow Systems Integration, an entity which has not belonged to Arrow since it was sold off February 2018" (Dkt. #12 at p. 3) (*see also* Dkt. #8, Exhibit A). To support its contention, Arrow submitted a Declaration from Robert Keeler, a Channel Account Manager for Arrow, which states, in relevant part, that "Arrow's website is not updated, but Arrow terminated its lease at that location before September 13, 2021" (Dkt. #8-1 ¶ 6). The Declaration also states that "Arrow has not held a place of business in the Eastern District of Texas on or after September

7

13, 2021" (Dkt. #8-1 ¶ 6).  Moreover, Arrow argues that a brief visit to the location confirms that it does not have a physical presence there (Dkt. #12 at p. 3).  To support this contention, Arrow submitted a Declaration from David Conrad, a Principal Attorney at Fish & Richardson and counsel for Arrow, that expressly states he personally visited the office location and confirmed there is no Arrow office there (Dkt. #12, Exhibit A).

Here, Parallel's sole basis for venue rests upon Arrow's listing of a physical location in the District on its website.  Indeed, Parallel contends that "Arrow's representation through its website, alone, suffices to establish the propriety of venue in this District" (Dkt. #13 at p. 6).  But this statement is an incorrect application of the law.  *Cray* requires that there "be a physical place in the district." 871 F.3d at 1362.  And a listing of a location on a website is not the equivalent of a defendant actually having a physical location in that place.  Simply put, "the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant *must actually engage* in business from that location." *In re Cray*, 871 F.3d at 1364 (emphasis added).  To be sure, Parallel's interpretation would expand the language of § 1400(b) and *Cray* to impermissible bounds.  *See Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 951 (E.D. Tex. 2018) ("Of course, it would run counter to the statutory requirements to find proper venue in a district where there was no physical presence of a given defendant.").

Certainly, the listing of a physical location in the District on Arrow's website may be evidence that Arrow has a physical place in the District.  But Arrow's response strongly rebuts this possibility.  Indeed, Arrow, through Keeler's Declaration testimony, expressly states that though the website is not updated, it terminated its lease at that location before September 13, 2021 (Dkt. #8-1 ¶ 6).  And it is well-established that "venue is not proper based on [a] terminated

8

lease." *GreatGigz*, 2022 WL 432558, at *4.  Moreover, the Declaration of Conrad and photos of the Plano address show that presently there is no Arrow office at the location listed on the website, which corroborates Arrow's contention that it terminated its lease before suit was filed.  Further, Arrow's notice of additional evidence shows the web page has been updated to remove the outdated listing of the Plano address (Dkt. #21).  As well, if there were any other doubts, Keeler's Declaration verifies that Arrow has not held a place of business in the District on or after September 13, 2021 (Dkt. #8-1 ¶ 6).  What is more, beyond the website listing, Parallel points to no other evidence that establishes Arrow has a physical location in the Eastern District of Texas.  Thus, the Court finds that based on the evidence before it, Arrow has not met its burden to show that venue is proper. *See CUPP Cybersecurity LLC v. Symantec Corp*., No. 3:18-CV-01554, 2019 WL 1070869, at *5 (N.D. Tex. Jan. 16, 2019); *see also In re Norplant Contraceptive Prods. Liab. Litig*., 886 F.Supp. 586, 589 (E.D. Tex. 1995) ("Uncontroverted allegations in a complaint must be taken as true . . . However, when the unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegations.").

The Court finds *Symantec* instructive. *See* 2019 WL 1070869, at *5.  In *Symantec*, the plaintiff alleged that the defendant had five offices in the Northern District after a general internet search on the defendant revealed several locations in the District. *Id.*  In response, the defendant acknowledged that it had previously leased an office in the District, but stated it sold the company who occupied the office and subsequently terminated the office's lease. *Id.*  As to the other locations that were found through the internet search, the defendant stated that it did not have offices at those addresses and submitted evidence that those addresses did not display any

9

name or logo associated with the defendant. *Id.* After considering the evidence, the district court found that the defendant did not have any offices in the Northern District. *Id*.

Here, like the defendant in *Symantec*, Arrow has produced evidence that it sold the company who occupied the Plano office and subsequently terminated its lease at the Plano location. *See id*. Further, like the defendant in *Symantec*, Arrow has submitted evidence—Declaration testimony and photos of the Plano office building—showing that there is no Arrow office at the Plano address. *See id*. Thus, like the court in *Symantec*, the Court concludes that, based on the evidence, Arrow does not have an office in this District. *See id*. As such, the first requirement under *Cray* is not met—Arrow does not have a physical place in the Eastern District. Therefore, venue is improper in the Eastern District of Texas.

Because Parallel has failed to show that Arrow has a regular and established place of business in the Eastern District of Texas, the Court need not analyze whether Arrow committed acts of infringement in the District. The Court turns to Parallel's request for venue-related discovery.

## II. Parallel's Request for Venue-Related Discovery

In its response, Parallel alternatively requests expedited discovery to better establish that venue is proper in this District (Dkt. #11 at p. 11). According to Parallel, it "particularly seeks information about the property . . . that Arrow continues to maintain on its website" (Dkt. #11 at p. 14). For example, Parallel's "proposed discovery seeks to provide additional details about how Arrow uses the leased location and how the listing of this address on its website . . . serves Arrow's business interests" (Dkt. #11 at p. 14). Further, Parallel also "seeks information related to Arrow's marketing and advertisements as well as web pages and directory listings to determine whether Arrow's webpage address in the District represents a place of business in this

10

District" (Dkt. #11 at p. 15). In response, Arrow contends that "[v]enue discovery is a waste of party resources and does not add any significant facts bearing on the issue of venue" (Dkt. #12 at p. 8).

The Court agrees with Arrow. A district court has broad discretion to permit or deny a party jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283–84 (5th Cir. 1982). Parallel "particularly" seeks additional information about the property on Arrow's website (Dkt. #11 at p. 14). Yet Arrow has removed the listing of the Plano address from its website (Dkt. #21). Further, Arrow has provided evidence that the address Parallel relies upon was tied to a division that Arrow sold in 2018 and that it terminated its lease at the location before this suit was filed (Dkt. #8-1 ¶ 6). Thus, the Court does not believe that venue discovery will yield information supporting that venue could be based on this location. *See Symantec*, 2019 WL 1070869, at *5 (denying proposed discovery on venue for the same reason). Nor has Arrow "explained why further discovery has any reasonable prospect of leading to different addresses that are associated with [Arrow]." *Id.*

While Parallel seeks information related to Arrow's marketing and advertisements, this information is relevant for the third requirement of *Cray*—that the place be "the place of the defendant." *See* 871 F.3d at 1363. But, again, for venue to be proper, all three *Cray* factors must be met. And Parallel has pointed to no additional information that could change the outcome under the first *Cray* requirement—that Arrow has a physical place in the District. In sum, Arrow's specific Declarations rebutting the website listing as a physical location coupled with the absence of other evidence that Parallel points to that suggests Arrow maintains a physical place in the District leads the Court to conclude that additional discovery would not uncover additional facts to support venue in this District. *See Symbology Innovations, LLC v. Lego Sys.,*

11

*Inc.*, 282 F. Supp. 3d 916, 934 (E.D. Va. 2017) (denying request for venue discovery because the movant "has not offered a basis to believe discovery will yield information supporting venue under any factor").

Accordingly, all that is left to analyze is whether the case against Arrow should be dismissed or transferred.

### III.     Whether the Court Should Be Dismissed, or, Alternatively, Transferred to the Northern District of California

Because venue is not proper in the Eastern District of Texas, the Court must either "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, Arrow requests that the Court transfer the case to the Northern District of California pursuant to § 1406(a) if the Court declines to dismiss it (Dkt. #8 at p. 8). Arrow argues the action could have been brought in the Northern District of California "because that is where Arrow maintains corporate offices and where Arrow has sold or shipped the Accused Instrumentalities (i.e. committed an alleged act of infringement" (Dkt. #8 at p. 12). Parallel does not dispute that venue is proper in the Northern District of California, nor does it argue that the case should be transferred to another venue besides the Northern District of California.

"The decision whether a transfer or dismissal is in the interest of justice rests within the sound discretion of the district court." *Personal Audio*, 280 F. Supp. 3d. at 936 (internal quotations omitted). "Transfer is typically considered more in the interest of justice than dismissal." *Id*. Here, the Court finds that it is in the interest of justice under § 1406(a) to transfer the case, rather than dismiss it. *Cf. AGIS Software Development LLC v. T-Mobile USA, Inc*., No. 2:21-CV-0072, 2021 WL 6618586, at *7 (E.D. Tex. Nov. 10, 2021) (declining to transfer the case because the parties disagreed about an appropriate venue for transfer), *report and*

*recommendation adopted*, No. 2:21-CV-00072, 2022 WL 178804 (E.D. Tex. Jan 19, 2022). Further, as Arrow's corporate offices are located in the Northern District of California, it has a regular and established place of business there. *See In re Cray*, 871 F.3d at 1360.  And Arrow does not contest that should infringement be found, it would have taken place in the Northern District of California.  Thus, venue is proper in the Northern District of California under § 1400(b).

## CONCLUSION

It is therefore **ORDERED** that Defendant Arrow Electronics, Inc.'s Motion to Dismiss for Improper Venue, or, in the Alternative, Transfer to N.D. Cal (Dkt. #8) is hereby **GRANTED in part.**

It is further **ORDERED** that Plaintiff's request to conduct venue-related discovery (Dkt. #11) is **DENIED**.

It is further **ORDERED** that this case is **TRANSFERRED** to the Northern District of California.

**IT IS SO ORDERED.**
 **SIGNED this 19th day of May, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE